No. ____________________

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

JUAN JOSE CORONADO GONZALEZ,
Petitioner,

**versus**

E. EMMERICH, WARDEN,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
Respondents.

U.S.C.A. – 7th Circuit
RECEIVED
OCT 05 2026

---

**ORIGINAL "EMERGENCY" APPLICATION TO THE HONORABLE JOSHUA P. KOLAR SEEKING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241(a) AND ARTICLE I, SECTION 9, CLAUSE 2 OF THE UNITED STATES CONSTITUTION'S SUSPENSION CLAUSE; IN THE INTEREST OF JUSTICE AND JUDICIAL ECONOMY**

Juan J. Coronado-Gonzalez
BOP Reg. No. 64518-510
Federal Correctional Institution
Post Office Box 1000
Oxford, Wisconsin 53952

# PETITION'S TABLE OF CONTENTS

Table of Contents....................ii

Table of Authorities....................iii

Background....................2

Statement of Jurisdiction....................3

Statement of the Issues....................5

**ISSUE ONE:** Whether Petitioner's Current Confinement Is Being Unconstitutionally Extended Because Of An Unlawfully Imposed Final Order Of Removal.

**ISSUE TWO:** Whether The Jurisdiction-Stripping Provisions Of 18 USC § 1252(a)(2)(A) Effectively Insulates ICE Officials' Illegal Imposition Of Final Orders Of Removal From Judicial Or Habeas Review In Violation Of The United States Constitution's Suspension Clause; As Applied To Petitioner.

Section 2242 Required Statement Of Reasons....................6

**REASON ONE:** The "Emergency" Nature Of Irreparable Harm Counsels In Favor Of Your Honor Accepting Jurisdiction To Prevent Further Injustice....................6

**REASON TWO:** A Prior Order Issued By A Panel Of This Court, Along With The Developments Thereafter, Are Directly Relevant, And Possibly Determinative, To The Challenged Issues Herein....................7

**REASON THREE:** The District Court Has Fully Expressed/Settled Its Position On The Precise Legal Question Presented, Which Renders Further District Court Proceedings a Nullity....................9

**REASON FOUR:** The District Court's Refusal To Acknowledge Jurisdiction Even After Instruction From Circuit Judges Of This Court Counsels Against Transferring This Petition Thereto....................11

Requested Relief....................16

Declaration....................17

# PETITION'S TABLE OF AUTHORITIES

## Cases

Agbaje v. Warden,
3:26-cv-426 (W.D. Wis.)....13, 14, 15

Aguirre-Cuerro v. Warden,
3:24-cv-819 (W.D. Wis.)....11

Aguirre-Cuerro v. Warden,
3:26-cv-600 (W.D. Wis.)....11, 15

Aguirre-Cuerro v. Warden,
26-2743 (7th Cir.)....16

Barajas v. DHS,
3:25-cv-590 (W.D. Wis.)....15

Barajas v. Warden,
26-1791 (7th Cir.)....15

Briones-Pereyra v. Warden,
3:26-cv-668 (W.D. Wis.)....13, 14, 15

Chapman v. Teets,
241 F.2d 186 (9th Cir. 1957)....10

Coronado v. ICE,
2025 US Dist. LEXIS 110208 (W.D. Wis.)....2

Cuero v. DHS,
3:26-cv-655 (W.D. Wis.)....15

Cuero v. DHS,
2025 US Dist. LEXIS 130067 (W.D. Wis.)....9

DHS v. Thuraissigiam,
591 US 107 (2020)....13, 14, 15

Edah v. ICE, et al,
3:25-cv-577 (W.D. Wis.)....7, 15

Edah v. ICE, et al,
25-2562 (7Th Cir.)....passim

Espinal v. DHS,
3:25-cv-586 (W.D. Wis.)....15

Espinal v. DHS,
26-1714 (7th Cir.)....6

Espinal v. DHS,
2025 US Dist. LEXIS 59561 (W.D. Wis. )....9

Familia v. Warden,
3:26-cv-77 (W.D. Wis.)........15, 16

Garza v. DHS,
3:25-cv-599 (W.D. Wis.)........15

Garza v. DHS,
26-1647 (7th Cir.)........15

Gonzales v. DHS,
3:25-cv-600 (W.D. Wis.)........15

Gonzales v. DHS,
25-2797 (7th Cir.)........15

Gutierrez-Romero v. Warden,
3:26-cv-473 (W.D. Wis.)........13, 15

Gutierrz-Romero v. Warden,
26-2645 (7th Cir.)........15

Herrera v. DHS,
3:25-cv-584 (W.D. Wis.)........7, 15

Herrera v. DHS,
25-2520 (7th Cir.)........7, 8, 15

In re Aguirre-Cuerro,
26-2318 (7th Cir.)........11, 12, 16

In re Bonilla,
26-1891 (7th Cir.)........15

In re Lanon,
26-2073 (7th Cir.)........11, 12, 16

In re Marin,
26-2058 (7th Cir.)........15

In re Moncayo-Urbina,
26-____ (7th Cir.)........15

In re Mota,
26-2059 (7th Cir.)........15

In re Ordonez-Rivera,
26-____ (7th Cir.)........15

In re Solar,
26-1798 (7th Cir.)........15

In re Suarez-Estupinan,
26-____ (7th Cir.)........15

In re Vallecilla,
26-1890 (7th Cir.)........15

Joya v. DHS,
2025 US Dist. LEXIS 173658 (W.D. Wis.)....................................9

Khan v. Holder,
608 F.3d 325 (7th Cir. 2010)..............................................14

King Sang Chow v. INS,
113 F.3d 659 (7th Cir.)...................................................10

Lanon-Quintero v. Warden,
3:25-cv-237 (W.D. Wis.)...................................................11

Lanon-Quintero v. Warden,
3:26-cv-481 (W.D. Wis.)...............................................11, 13

Lanon-Quintero v. Warden,
26-2387 (7th Cir.)........................................................16

Lima v. Emmerich,
2025 US Dist. LEXIS 130067 (W.D. Wis.)....................................9

Loza v. DHS,
3:25-cv-656 (W.D. Wis.)...................................................15

Loza v. DHS,
2026 US Dist. LEXIS 59565 (W.D. Wis.).....................................9

Loza v. DHS,
26-1642 (7th Cir.).........................................................6

Milla v. DHS,
3:25-cv-591 (W.D. Wis.)...................................................15

Milla v. DHS,
26-1643 (7th Cir.)........................................................15

Nasrallah v. Barr,
590 US 573 (2020).........................................................13

Ojeda-Rios v. Wigen,
863 F.2d 196 (2d Cir. 1988)................................................9

Pan v. DHS,
3:25-cv-860 (W.D. Wis.)...................................................15

Pan v. DHS,
26-2204 (7th Cir.)........................................................15

Rumsfeld v. Padilla,
542 US 426 (2004)..........................................................5

Sanders v. United States,
373 US 1 (1963)...........................................................12

Sinisterra v. Warden,
3:26-cv-528 (W.D. Wis.)...................................................15

Solar v. Emmerich,
26-1798 (7th Cir.)....6, 8

Vallecilla-Cuero v. Warden,
3:26-cv-469 (W.D. Wis.)....15

Vallecilla-Obando v. Warden,
3:26-cv-649 (W.D. Wis.)....13, 14

Yefferson v. Emmerich,
26-2057 (7th Cir.)....6, 8

**Statutes**

8 USC § 1182(d)(5)....6

8 USC § 1182(d)(5)(A)....2, 12

8 USC § 1225(b)(1)....2, 3, 5, 14

8 USC § 1225(b)(1)(A)....12

8 USC § 1225(b)(1)(A)(iii)(II)....3

8 USC § 1252(a)(2)(A)....11, 14

8 USC § 1252(a)(2)(A)(i)....5

8 USC § 1252(a)(2)(D)....13, 14

8 USC § 1252(e)(2)....5, 11, 14

18 USC § 3632(d)(4)(E)(i)....2

28 USC § 1651(a)....5

28 USC § 1651(b)....5

28 USC § 1657(a)....3

28 USC § 2241....3, 10

28 USC § 2241(a)....passim

28 USC § 2241(b)....4

28 USC § 2242....4, 6

28 USC § 2243....3

28 USC § 2253....10

No. ____________________

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

JUAN JOSE CORONADO GONZALEZ,
Petitioner,

**versus**

E. EMMERICH, WARDEN,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
Respondents.

---

ORIGINAL "EMERGENCY" APPLICATION TO THE HONORABLE JOSHUA P. KOLAR SEEKING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241(a) AND ARTICLE I, SECTION 9, CLAUSE 2 OF THE UNITED STATES CONSTITUTION'S SUSPENSION CLAUSE; IN THE INTEREST OF JUSTICE AND JUDICIAL ECONOMY

---

Above captioned pro se **"Petitioner,"** a federal prisoner currently confined at the Bureau's Federal Correctional Institution in Oxford, Wisconsin, which is within the territorial jurisdiction of the Seventh Circuit, respectfully petitions Your Honor, acting in chambers pursuant to 28 U.S.C. § 2241(a), for an **"EMERGENCY"** writ of habeas corpus. However, because of the statutory provisions which frustrate**-any courts' jurisdiction-**to adjudicate the underlying issues contained herein, Petitioner thus seeks habeas relief under the scope of the **"Suspension Clause"** of the United States Constition's Article I, Section 9, Clause 2.

BACKGROUND

Petitioner is a noncitizen whom was involuntary paroled to the United States for federal prosecution; he has neither been admitted, nor sought admission into the United States. Petitioner is currently serving out a sentence of imprisonment which resulted from this prosecution which brought him to this Country. While serving his prison term, Immigration and Customs Enforcement ("ICE") officials issued him an unlawful expedited order of removal against Petitioner under INA 235(b)(1), **i.e.**, 8 USC §1225(b)(1). By operation of the illegal order, the Warden has denied Petitioner the ability to apply his earned First Step Act Time Credits **("FTCs"). See 18 USC §3632 (d)(4)(E)(i)** (prohibiting prisoners with final orders of removal from applying earned FTCs).

Notwithstanding these documents, and construing them as a mere detainer, Petitioner sought relief from the United States District Court, essentially arguing "that he was being wrongly denied FTCs because an immigration detainer is not the same as a final order of removal." **See Coronado V. ICE,** No. 3:25-cv-455; 2025U.S. Dist. Lexis 110208 at * 3 (W.D. Wis. June 10, 2025) (reproduced and attached hereto as Appendix No. 1 **("App.-1"))**. The district court summarily denied relief sought with prejudice, holding that the exhibits attached to the petition "reflect that there is a final order of removal against Petitioner, [thus] he does not demonstrate that his sentence has been calculated incorrectly." **Id. at * 4.** Petitioner did not appeal.

Since the denial of his original petition, Petitioner has learned that his parole status precludes application of a section 1225(b)(1) expedited order of removal and he contends herein that, because of this unlawful order, he is being unlawfully disqualified from applying his earn FTCs; and if nothing changes he will be unlawfully detained beyond what Congress intended him to serve. This is becasue the predicate final order of removal has been issued in disregard of applicable law; 8 USC §1182(d)(5)(A), 8 CFR §212.5(e)(2)(i) (requiring that the alien be returned to the paroling agency and restoration of status before parole, respectively). ICE's actions are arbitrary and violates

Petitioner's constitutional rights. The statute under which the order was issued states that paroled aliens, such as Petitioner, are not subject to expedited removal. **See §1225(b)(1)** (specifying the inspection of arriving aliens and expressingly excluding from expedited removal aliens who had been admitted or paroled); **see also, §1225(b)(1)(A)(iii)(II)** (describing categories of other certain aliens subject to expedited removal and stating that admitted or paroled aliens are not within its scope).

Petitioner seeks prompt intervention by Your Honor to prevent further injustice. This is because, applying his earned credits, Petitioner is eligible for **IMMEDIATE RELEASE.** Section 2243 of Title 28 requires a court or judge "entertaining an application for a writ of habeas corpus [to] forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted[.]" Notwithstanding, 28 U.S.C. § 1657(a) would further compel expeditious proceedings here on account of the **"EMERGENCY"** nature involved with this petition. **See § 1657(a)** ("[T]he court shall expedite the consideration of any action brought under chapter 153 [28 USCS §§ 2241 et seq.] ... if good cause thereof is shown").

## PRELIMINARY STATEMENT

The main issue facing Your Honor in this habeas application, no doubt, boils down to two straightforward questions involving venue and jurisdiction:

**(1)** Whether venue for this application is proper and acceptable before Your Honor considering:

**(a)** the **"EMERGENCY"** nature of irreparable harm which would result if Your Honor decide not to accept jurisdiction;

**(b)** a prior order issued from a panel of this Court; along with the developments thereafter which are directly relevant (and possibly determinative) to the legality of the challenged issues herein;

**(c)** the fact that the district court has fully expressed/settled its position on the percise legal question presented, which renders further district court proceedings a nullity; and

**(d)** the district court's continual refusal to acknowledge jurisdiction even though instructed by circuit judges counsel against transferring this petition thereto.

(2) whether a jurisdiction stripping statute should be allowed to effectively insulate ICE officials' illegal practices which offend constitutional protections and force inmates to spend longer in prison than Congress intended.

Petitioner is applying for a writ of habeas corpus directly with Your Honor pursuant to the expressed authority of 28 U.S.C. § 2241(a). Section 2241(a) grants individual circuit judges original habeas jurisdiction within their respective circuit. Notwithstanding, section 2241(b) also "authorizes a circuit judge to decline to entertain an application and to transfer it to the appropriate district court, and this is the usual practice." **Fed. R. App. 22(a) Adv. Comm. Note** (interpreting RULE 22(a)'s mandatory language as not absolute, but discretionary). For this reason, section 2242 requires a petitioner whom presents his petition directly to a circuit judge to "state the reasons for not making application to the district court of the district in which the applicant is held." **28 U.S.C. § 2242** (in part). Said another way, a circuit judge's decision to hear a §2241 petition rather than transfer it is a discretionary one, not a jurisdictional one; the circuit judge can accept jurisdiction if he or she is satisfied with the reasons the petitioner presents concerning why he is not making application to the district court.

Petitioner's reasons are fully set forth below in his Statement of Reasons. These reasons are substantial, non-pretexual, and compelled by the unique intersection of four independant factors set out above and fully explained below.

## STATEMENT OF JURISDICTION

Your Honor has discretionary jurisdiction over this petition pursuant to 28 U.S.C. § 2241(a), which provides that writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district court and a circuit judge within their respective jurisdiction." Your Honor is a circuit judge of the United States Court of Appeals for the Seventh Circuit. Petitioner is confined at the Federal Correctional Institution in Oxford, Wisconsin, which lies within the territorial jurisdiction of the Seventh Circuit. The jurisditional predicate, that the petition

be filed "within [the judge's] respective jurisdiction" is therefore satisfied. The Respondents, Warden E. Emmerich and the ICE Field Office Supervisor are the Officers with immediate legal custody of Petitioner and are the proper respondents in this habeas proceedings. **<u>Rumsfeld v. Padilla</u>, 542 US 426, 434-35 (2004).** In the alternative, Your Honor has alternative or supplemental jurisdiction under 28 U.S.C. § 1651(a) and/or (b); the All Writs Act, which empowers federal courts (or judges) to "issue all writs necessary or appropriate in aid of their respective jurisdiction," or to grant an alternative writ or rule nisi order. Finally, because the petition presents a supplemental **"core issue," i.e.,** the legality of a removal order issued by ICE officials which is affecting Petitioner's release from prison; and which such removal orders' review is insulated by statute (8 U.S.C. § 1252(a)(2)(A)(i) & (e)(2)), Your Honor has additional jurisdiction under Article I, § 9, cls. 2 of the United States Constitution, **i.e.,** the Suspension Clause.

## <u>STATEMENT OF THE ISSUES</u>

Petitioner is being erroneously denied the ability to apply his earned FTCs due to the illegally imposed expedited removal order issued under 8 U.S.C. § 1225 (b)(1). Notwithstanding, 8 U.S.C. § 1252(a)(2)(A)(i) & (e)(2) effectively insulates the illegal removal order from judicial or habeas review in any meaningful manner. **See §1252(a)(2)(A)(i)** (providing that "no court shall have jurisdiction to review ... any **individual** determination or operation of an order of removal pursuant to ... §1225(b)(1)); **see also, §1252(e)(2)** (limiting habeas review to 3-meaningless, as applied, issues). Becuase there will be no doubt concerning Petitioner's earlier release absent the illegal removal order, Your Honor need only resolve two issues; one of which the government has already implicitly conceded to in numerous cases presented to both judges and panels of the Seventh Circuit:

**Issue One:** Whether Petitioner's Current Confinement Is Being Unconstitutionally Extended Because Of An Unlawfully Imposed Final Order Of Removal.

**Issue Two:** Whether The Jurisdiction-Stripping Provisions Of 18 U.S.C. § 1252(a)(2)(A) Effectively Insulate ICE Officials' Illegal Imposition Of Final Orders Of Removal From Judicial or Habeas Review In Violation Of The United States Constitution's Suspension Clause; As Applied To Petitioner.

These are the overarching questions involved in the ultimate merits of this Petition in which Petitioner endeavors herein to develop. However, Petitioner is faced with a much more difficult task; convincing Your Honor to accept original habeas jurisdiction.

**SECTION 2242 REQUIRED STATEMENT OF REASONS**

Section 2242 of Title 28 requires that, when a habeas corpus petition is addressed to a circuit judge, the petition "shall state the reasons for not making application to the district court of the district in which the applicant is held." Petitioner respectfully presents the following four independent reasons, each of which, standing alone, jusifies direct circuit-level filing, and which collectively present an overwhelming case for Your Honor's exercise of §2241(a) jurisdiction.

**REASON ONE: THE "EMERGENCY" NATURE OF IRREPARABLE HARM COUNSELS IN FAVOR OF YOUR HONOR ACCEPTING JURISDICTION TO PREVENT FURTHER INJUSTICE**

Petitioner presents a genuine **"EMERGENCY"** issue here; by the time Your Honor begins to entertain this petition, Petitioner's release date will have long passed and his days of irreparable harm will continue to accumulate. This petition, as well as governmental actions by the government in other substantially similar cases recently before circuit judges and panels of the Seventh Circuit will evince that the Expedited Removal Order issued against Petitioner is illegal and affecting his earlier release from confinement. **See, e.g.,** **Edah v. ICE, et al** 25-2562 (7th Cir.); **Solar v. E. Emmerich, et al**, 26-1798 (7th Cir.); **Loza v. DHS**, 26-1642 (7th Cir.); **Espinal v. DHS**, 26-1714 (7th Cir.); **Marin v. Emmerich, et al**, 26-2058 (7th Cir.); **Yefferson v. Emmerich, et al**, 26-2057 (7th Cir); and **Mota v. Emmerich**, 26-2059 (7th

Cir.).

Certainly, after their actions in all these cases the government will not contend that the expedited removal order is legal in any sense of the law. In all these cases, the petitioners presented similar, if not identical issues. In all these cases the government did not contend the legality of the order and instead removed each and every one. Many of these petitioners were immediately released from prison once the expedited orders of removal were cancelled; the ones that remained in custody did not file emergency petitions because they still had time left to serve. The government's actions were essentially **it**'s reaction to circuit judge and court orders to show cause. Thus, requiring Petitioner to seek redress in any other kind of manner would cause him undue harm which could never be remedied.

**REASON TWO: A PRIOR ORDER ISSUED BY A PANEL OF THIS COURT, ALONG WITH THE DEVELOPMENTS THEREAFTER, ARE DIRECTLY RELEVANT, AND POSSIBLY DETERMINATIVE, TO THE CHALLENGED ISSUES HEREIN**

This is not a case in which a petitioner has manufactured a tangential connection to a circuit judge's prior work in order to forum-select a favorable adjudicator. This is a case in which a prior order issued in two extremely similar consolidated cases from a panel of this Court; along with the developments thereafter, are directly relevant and an operative persuasive legal source from which the claims of illegal confinement flow. **See Edah, supra, and Herrera v. DHS, 25-2520 (7th Cir.).**

Petitioner's current confinement is alleged to be unlawful precisely because of an expedited removal order which ICE officials illegally placed on him which is effectively precluding **him** from applying 365-days of earned FTCs toward earlier release. Edah and Herrera brought substantially similar claims before **the district court. See Edah v. ICE, et al**, 3:25-cv-577 (W.D. Wis.) and **Herrera v. DHS**, 3:24-cv-584 (W.D. Wis.). The district court dismissed their petitions for want of jurisdiction and they appealed to the Seventh Circuit. After initial briefing ended (neither respondent filed resistence briefs), a panel of this Court issued an ORDER, consolidating these cases and stating: "[a]fter reviewing the petitioners' briefs [],

the court has determined that it would benefit from additional briefing and oral argument." Edah, 25-2562 & Herrera, 25-2520 (7th Cir. Dec. 17, 2025). The Court further provided that, "[b]y seperate order the court will recruit counsel for petitioners." Id.

Attorney Jessica Dawgert subsequently accepted recruitment and entered her appearance in the case. Id. at (7th Cir. Jan. 6, 2026). As ordered, Ms. Dawgert timely filed the appellants' briefs, largely arguing that the appellants' claims are proper in habeas, and that the Suspension Clause requires the Court to consider their claims regarding whether they are entitled to speepier release. Id. at (7th Cir. Feb. 2, 2026); pp. 21-32. Ms Dawgert further argued that appellants were both eligible for application of their FTCs because their expedited removal order were unlawfully issued. Id. at pp. 32-40. The government did not resist these claims; instead, the government implicitly agreed with Ms. Dawgert and appellants by voiding their challenged removal orders and filing a motion seeking for the appeals to be dismissed as moot. Id. at (7th Cir. Mar. 16, 2026).

The government's action in Edah and Herrera, as well as in the many cases that followed these (see, e.g., supra at 6), compels the conclusion that Petitioner's removal order is also illegal and affecting his earlier release;[1] by its actions, the government implicitly acknowledged its illegal practice. This prior order, and the developments thereafter, are not a peripheral or convenient fact. It is the substantial foundation for Your Honor to consent to the jurisdiction provided to Your Honor by §2241(a). The legal questions which this petition asks Your Honor to resolve, in essence, are the questions the Edah and Herrera Court endeavored to resolve. Thus, because the district court refuses to exercise jurisdiction under the Suspension Clause, in which the government has not once claimed is not available, Your Honor remains the appropriate forum to prevent injustice.

---

1). After the government removed the illegal order of removal in Edah, Solar, Marin Mota, and Yefferson, they were immediately released from prison.

This priciple is firmly grounded in caselaw. In **Ojeda Rios v. Wigen**, Judge Jon O. Newman, sitting in chambers as an individual circuit judge pursuant to §2241(a), entertained a habeas petition directed to him. **863 F.2d 196 (2d Cir. 1988).** The opinion acknowledged, without reservation, that the procedure of filing a habeas petition directly with a named judge in chambers is a recognized and legitimate exercise of the authority conferred by §2241(a). **Id.** The unique developments which have occurred before this Court and its circuit judges in differrent forums renders circuit judges of the Seventh Circuit the most qualified to address the issue. Notwithstanding, considering the fact that the district court has already rendered its decision and refuses to entertain these type of petitions on a flawed want of jurisdiction holding; if Your Honor does not hear this case, Petitioner will have no adequate forum to avail himself from this illegal confinement, as Edah, Solar, Marin, Mota and Yefferson were successfully able to do so.

**REASON THREE: THE DISTRICT COURT HAS FULLY EXPRESSED/SETTLED ITS POSITION ON THE PERCISE LEGAL QUESTION PRESENTED, WHICH RENDERS FURTHER DISTRICT COURT PROCEEDINGS A NULLITY**

Petitioner's Third independent reason for not presenting the instant application to the district court is grounded in the fact that the district court has already fully and explicitly expressed its settled position in numerous cases presented to it. **See** **Lima v. Emmerich**, 2025 US Dist. LEXIS 130067 (W.D. Wis. July 7, 2025); **see also** **Cuero v. DHS**, 2025 US Dist. LEXIS 158069 (W.D. Wis. Aug. 14, 2025); **Joya v. DHS**, 2025 US Dist. LEXIS 173658 (W.D. Wis. Sept. 2025); **Mero-Anchundia**, 2025 US Dist. LEXIS 186639 (Sept. 22, 2025); **and more recently, Loza v. DHS**, 2026 US Dist. LEXIS 59565 (W.D. Wis. Mar. 20, 2026); **and Espinal v. DHS**, 2026 US Dist. LEXIS 59561 (W.D. Wis. Mar. 20, 2026). In all these cases, and many more, the district court carefully considered the legal question and simply held, without assistance from the government attorney, that it had no jurisdiction. However, in all cited cases, the district court held that the only court with jurisdiction to adjudicate these claims was the court of appeals.

The exhaustion requirement in habeas proceedings serves a specific institutional purpose: to ensure that the court of ordinary jurisdiction has the first opportunity to deliberate upon, develop a factual and legal record upon, and issue a reasoned decision regarding the habeas claim. That purpose is served when the court of ordinary jurisdiction has actually been presented with that opportunity, as it has here, regardless of whether it decides to pass upon them or summarily dismiss them; the key wor is **"opportunity,"** which the district court has been afforded numerous times. Notwithstanding, the district court, itself, implicitly suggested in nearly all the above cited cases that the proper remedy was the re-filing of the petition with the appellate court. **See, generally, all above cited cases.**

While "Title 28 U.S.C. § 2253 seems to clearly contemplate that once an application is presented to a district judge and is denied by him, the remedy is an appeal from the order of denial[;] [t]he language of §2241 ssems to authorize a second original application to a circuit judge following a denial by a district judge." **Fed. R. App. P. 22(a), Advs. Comm. Note** (citing In re Gersing, 145 F.2d 481 (D.C. Cir. 1944) and Chapman v. Teets, 241 F.2d 186 (9th Cir. 1957) (acknowledging the availability of such procedure). Notwithstanding, in every case presented to the district court with Petitioner's issue, the court advised the petitioners that only the court of appeals has jurisdiction to entertain their challenges.

However, §2241(a) does not provide appellate courts with habeas jurisdiction. **See King Sang Chow v. INS, 113 F.3d 659, 669 n.5 (1997)** (holding that "a court of appeals has no jurisdiction to grant an original writ of habeas corpus"). Congress granted this authority, not to appellate courts, but to their circuit judges; essentially providing these judges authority to grant the writ of habeas corpus in chambers. **§2241(a).** While these judges are allowed to grant the writ in chambers, their order "shall be entered in the records of the district court of the district wherein the restraint complained of is had." **§2241(a).** Therefore, the district court has invited/suggested that Your Honor accept original jurisdiction here; a transfer would certainly not be in the interest of justice or judicial economy.

REASON FOUR: THE DISTRICT COURT'S REFUSAL TO ACKNOWLEDGE JURISDICTION EVEN AFTER INSTRUCTIONS FROM CIRCUIT JUDGES OF THIS COURT COUNSELS AGAINST TRANSFERRING THIS PETITION THERETO

The fourth and final reason for presenting this application directly with Your Honor revolves around the fact that, despite two previous transfer orders issued by Judges of this Court, advising the district court of its jurisdiction to address the Suspension Clause issue presented herein, the district court continues to summarily dismiss the petitions, Sua Sponte, for lack of jurisdiction. Earlier this year, Wagner Lanon Quintero and Gabriel Aguirre Cuerro, respectively, presented circuit judges of this Court with Original Emergency Petitions for Writ of Habeas Corpus similar to the one before Your Honor. **See** <u>**In re Lanon Quintero**</u>, No. 26-2073 (7th Cir.); and <u>**In re Aguirre Cuerro**</u>, 26-2318 (7th Cir.).

In those cases, the respective circuit judges issued an ORDER, transferring the Petitions to Western District of Wisconsin. **See** <u>**Lanon**</u> **at (7th Cir. May 21, 2026)**, and <u>**Aguirre**</u> **at (7th Cir. June 26, 2026).** In these transfer orders, the circuit judges provided that, "[w]e understand the petitioner to be seeking earlier release from prison via good-time credits, **[sic]** a subject that is within the district court's jurisdiction under 28 USC §2241, at least to the extent of addressing the questions posed in the order entered on December 17, 2025, in <u>**Edah V. Customs & Border Protection**</u>, No. 25-2562."

Notwithstanding, in both these cases, the district court, after receipt of transfer order, summarily dismissed these petitions as abuse of writ; and alternatively dismissed the petitions for lack of jurisdiction. **See** <u>**Lanon Quintero V. Warden**</u>, 3:26-cv-481, ECF No. 6, (W.D. Wis. June 23, 2026); and <u>**Aguirre Cuerro**</u>, 3:26-cv-600, ECF No. 7, (W. D. Wis. August 11, 2026) (reproduced and attached hereto as **App. 3 & 4**, respectively). However, while both Lanon and Aguirre had previously filed writs of habeas corpus arguing similar issues, both petitions were dismissed on jurisdictional grounds. **See** <u>**Lanon Quintero V. Warden**</u>, 3:25-cv-237 (W. D. Wis. June 12, 2025); and <u>**Aguirre-Cuerro**</u>, 3:24-cv-819 (W.D. Wis. June 9, 2025). Said another way, the issues were never

contrary to the district court's opinion, **"-resolved-"** on the merits. See, **e.g.**, Successive-Writ Doctrine, Black's Law Dict. 1732 (11th ed 2019) ("The principal that a second or supplemental petition for a writ of habeas corpus may not raise claims that were heard and decided on the merits in a previous petition."); **see also**, Sanders V. United States, 373 US 1, 15 (1963) (providing that the abuse of the writ doctrine applies only where the current issue was presented in a prior petition and adjudicated on its merits; against the petitoiner). Thus, the district court's denial essentially rest on its alternative dismissal, **i.e.**, its lack of jurisdiction holding.

The transfer orders issued by the circuit judges provided that, the subject raised in the petitions was "within the district court's jurisdiction under 28 USC §2241, at least to the extent of addressing the questions posed in the order entered on December 17, 2025, in" Edah, supra. In re lanon **and** In re Aguirre, **supra.** The Edah Court Order consolidated Edah's appeal with another appellant with similar appellate argument and recruited counsel for the appellants. Edah **at doc. 10.** The Court further directed counsel for all parties to file separate briefs addressing, in addition to the subjects covered by the district court and any other matters that counsel deem appropriate, the following relevant questions: **(i)** If, given the correct respondent, petitioners are eligible to use 28 USC §2241 to contest the Bureau of Prison's calculation of their release dates, is it necessary to consider any issue under the Suspension Clause (Art. I §9 Cls. 2); **(ii)** If the answer to that question is yes, does the Suspension Clause prevent Congress from foreclosing review of certain subjects that affect an alien's release date from a valid judicial sentence; and **(iii)** If the district court has authority to determine whether petitioners, as former paroless under 8 USC §1182(d)(5)(A) "arriving in" the United States for the purpose of 8 USC 12[2]5(b)(1)([A]), are subject to expedited removal proceedings, how (if at all) does this affect their release dates."

As provided in Petitioner's Reason Two above, Jessica Dawgert accepted recruitment and addressed all questions directed by the Court order. **See supra, at 8-9**

(providing that Ms. Dawgert timely filed the appellants' briefs, largely arguing that the appellants' claims are proper in habeas, and that the Suspension Clause requires the court to consider their claims regarding whether they are entitled to speedier release and that the government did not resist those claims). However, despite the circuit judges order to the district court concerning its jurisdiction to entertain this issue, counsel Dawgerts competent appellate argument in Edah, and the absence of government resistance; the district court continues to dismiss these type of claims, Sua Sponte, for want of jurisdiction. See Gutierrez-Romero V. Warden, 3:26-cv-473 (W.D.Wis. June 23, 2026); Agbaje V. Warden, 3:26-cv-426 (W.D.Wis. Aug. 14, 2026); Vallecilla-Obando V. Warden, 3:26-cv-649 (W.D.Wis. Aug. 27, 2026); and Briones-Pereyra V. Warden, 3:26-cv-668 (W.D.Wis. Sep. 1, 2026).

In Lanon, the district court, Sua Sponte, rejected the petitioner's Suspension Clause jurisdictional argument, holding that, "[t]o avoid Suspension Clause problems, the REAL ID Act permits judicial review in the federal courts of appeals over 'constitutional claims or questions of law.'" See, Lanon, 3:26-cv-481, doc. 6 at 4 (citing 8 USC §1252(a)(2)(D) and Nasrallah V. Barr, 590 US 573, 580 (2020)). The district court also held that "[t]he Supreme Court has further clarified that the Suspension Clause applies only to those 'core' habeas claims seeking release from custody, which fell within the scope of habeas release 'when the Constitution was drafted and ratified.'" Id. at 5 (Citing DHS V. Thuraissigiam, 591 US 107 (2020)). "It does not include claims seeking relief from removal in immigration context." Id. (citing Thuraissigiam at 116-17) (holding that the federal statute limiting habeas review of expedited removal proceedings does not violate the Suspension Clause, which does not contemplate a right to "enter or remain in a country or to obtain administrative review potentially leading to that result"). Said another way, the district court held that Thuraissigiam forecloses Petitioner's Suspension Clause jurisdictional argument. The district court's Sua Sponte holding fails on both presented fronts.

As an initial matter, the Seventh Circuit has already rejected the contention that §1252(a)(2)(D) provides a vehicle for relief from a title 8 USC §1225(b)(1) expedited removal order. See Khan V. Holder, 608 F. 3d, 328-29 (7th Cir. 2010) (holding that "Section 1252(a)(2)(A) [] is not mentioned in §1252(a)(2)(D) as leaving open such an opportunity; to the contrary, it expressly prohibits aliens from raising such claims before the court of appeals").

In several other **petitions** before this same district court, the petitioners preemptively addressed the district court's §1252(a)(2)(D) holding, essentially arguing that the Khan Court has long rejected any such holding, even stating that "[o]ther circuits have held that constitutional and statutory claims arising in expedited removal proceedings are not reviewable." **See, Supplemental Jurisdiction Statement, Agbaje, Vallecilla, and Briones, Supra.** Notwithstanding, the district court continued to dismiss these petitions, holding that §1252(a)(2)(A) "strips jurisdiction from district courts and makes a petition for review to the applicable Circuit court of appeals the **-sole and exclusive means-** of judicial review for orders of removal." **Briones, Supra, doc. 11 at 4** (emphasis altered) (citations omitted). Nontheless, the district court's Sua Sponte holding also failed on account of its reliance concerning the Thuraissigiam Court's holding.

In **Thuraissigiam,** the Supreme Court considered the question, as applied to the facts of that case, whether §1252(a)(2)(A) and (e)(2) violate the Suspension Clause of the United States Constitution. **591 US 103, ____.** The Thuraissigiam Court held that, as applied to Thuraissigiam, §1252(a)(2)(A) and (e)(2) did not violate the Suspension Clause because Thuraissigiam was not seeking release from unlawful custody but rather vacatur of his removal order and an order directing [the Department] to provide him with a new opportunity to apply for asylum. **Id. at 117.**

Thus, the Thuraissigiam Court's holding does not foreclose suspension clause challenges to §1252(a)(2)(A) and (e)(2) when the petitioner, like the one before Your Honor, is seeking release from unlawful confinement. Here, Petitioner, similar

to all the other petitioners which presented similar arguments to the district court, challenges the suspension of the writ imposed by §1252(a)(2)(A) which strips him of his ability to demonstrate that he is being held pursuant to "the erroneous application or interpretation of relevant law." This is the equitable relief that habeas historically provides for. See Thuraissigiam at 117 ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody,") (citation omitted).

In summation, the district court has been presented with substantially similar issues as herein in at least eighteen respective cases. Edah V. ICE, et al, 3:25-cv-577; Herrera V. DHS, 3:25-cv-584; Espinal V. DHS, 3:25-cv-586; Barajas V. DHS, 3:25-cv-590; Milla V. DHS, 3:25-cv-591; Garza V. DHS, 3:25-cv-599; Gonzales V. DHS, 3:25-cv-600; Loza V. DHS, 3:25-cv-656; Pan V. DHS, 3:25-cv-860; Agbaje V. Warden, 3:26-cv-426; Vallecilla V. Warden, 3:26-cv-469; Gutierrez V. Warden, 3:26-cv-473; Lanon V. Warden, 3:26-cv- 481; Sinisterra V. Warden, 3:26-cv-528; Aguirre V. Warden, 3:26-cv-600 ; Cuero V. Warden, 3:26-cv-655; Briones V. Warden, 3:26-cv-668; and Familia V. Warden, 3:26-cv-744. In all these cases, excluding Familia, the district court summarily dismissed the petitions, without requring a response from the government, for want of jurisdiction.

However, **-in every case-** where the government either received appellate notice or was order by a circuit judge of this Court to respond, the government has not once resisted these claims, jurisdictional or otherwise, and instead has removed the illegal expedited removal order issued under §1225(b)(1); implicitly admitting its illegal conduct. Herrera V. DHS, 25-2520; Edah V. ICE, et al, 25-2560; Gonzales V. DHS, 25-2797; Milla V. DHS, 26-1643; Garza V. DHS, 26-1647; Barajas V. DHS, 26-1791; In re Solar, 26-1798; In re Vallecilla, 26-1890; In re Bonilla, 26-1891; In re Yefferson, 26-2057; In re Marin, 26-2058; In re Mota, 26-2059; In re Ordonez-Rivera, 26-2271 ; In re Moncayo-Urbina, 26-2272 ; In re Suarez-Estupinan, 26-2289; Pan V. DHS, 26-2204; and Gutierrez V. Warden, 26-2645.

In short, the district court refuses to direct the government to respond, Notwithstanding circuit judge direction or governmental actions which prove that a simple order to show cause would resolve the matter. This is evident by the sole case in which the court's Magistrate ordered the government to show cause. See Familia V. Warden, 3:26-cv-648 (W.D.Wis.). See App. 5. In Familia, when ordered to show cause, the government removed the complained of the final order and sought an extension of time to file its response. See Id., doc. 15, at 2 ("The Respondent, through counsel, has been working with the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE) in preparing a response. On August 6, 2026, ICE [sic] canceled Familia Moreta's expedited order of removal, Updated its immigration detainer with BOP, and served Familia with a Notice of Intent to issue a Final Administrative Order of Removal []." ) (reproduced and attached hereto as App. 6).

However, this is the only case in which the district court has ordered the government to respond. Even after ordering the government to repond in Familia, the district court has summarily dismissed several petitions without requiring a response from the government. Thus, Your Honor must accept original jurisdiction in the interest of justice and judicial economy and order the government to respond; which would essentially resolve this matter.

Petitioner reminds Your Honor that his issue is sensitive and of the emergency nature, i.e., he's due for immediate release. The last two emergency petitions filed directly to a circuit judge of this Court were filed back in May and June of this year and transferred to the district court. See In re Lanon, Supra, and In re Aguirre, Supra. Needless to say, the district court sat on those "emergency" petitions before summarily dismissing them and those cases are now pending before this Honorable Court on Appeal. See Lanon V. Warden, 26-2387; and Aguirre V. Warden, 26-2743. A transfer would certainly not be in the interest of equity or judicial economy.

## REQUESTED RELIEF

Based on the foregoing, Petitioner respectfully requests that Your Honor find

that Petitioner's current confinement is being unconstitutionally extended on account of the illegal order of removal issued upon him; and by operation thereof, ORDER the Warden to, without delay, apply Petitioner's earned FTCs to his sentence and IMMEDIATELY release him from incarceration.

Respectfully submitted,

Juan Jose Coronado-Gonzalez
BOP Reg. No. 64518-510

DECLARATION

I, Juan Jose Coronado-Gonzalez, do hereby declare under penalty of perjury that the foregoing is true, correct, and complete to the best of my knowledge and belief.

EXECUTED ON: SEPTEMBER 28, 2026.

Juan Jose Coronado-Gonzalez # 64518-510
Federal Correctional Institution
P.O.BOX: 1000
Oxford, Wisconsin, 53952.